IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | Case No. 17-23126-CMB |
| | : | |
| **MSAMN Corp.,** | : | Chapter 11 |
| | : | |
| **Debtor** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **James R. Walsh, Chapter 11 Trustee** | : | |
| **of the Bankruptcy Estate of** | : | |
| **MSAMN Corp.,** | : | |
| | : | Doc. No. _____ |
| **Movant** | : | |
| | : | Hearing Date & Time: |
| vs. | : | May 8, 2018 at 1:30 p.m. |
| | : | |
| **MSAMN Corp.,** | : | |
| | : | |
| **Respondent** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TRUSTEE'S MOTION TO CONVERT CHAPTER 11
CASE TO CHAPTER 7**

COMES NOW, James R. Walsh, Chapter 11 Trustee of the Bankruptcy Estate of MSAMN Corp. ("Trustee"), by and through his counsel, Spence, Custer, Saylor, Wolfe & Rose, LLC, and files the within Motion to Convert Chapter 11 Case to Chapter 7, upon a cause whereof, the following is a motion, to wit:

1. The Debtor, MSAMN Corp. ("Debtor"), is a Pennsylvania business corporation which commenced the above-captioned case by filing a voluntary petition for relief pursuant to the provisions of Chapter 11 of Title 11 of the U.S. Code, 11 U.S.C. § 101, et seq., on August 3, 2017.

2. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. As of the date of the filing of the voluntary petition for relief, no creditors' committee has been appointed.

4. Upon the filing of the above-captioned case, the Debtor became a Debtor-In-Possession with all of the duties, obligations and authority of such entities under 11 U.S.C. § 1107.

5. Pursuant to the Application for Approval of Appointment of Chapter 11 Trustee filed by the Office of the United States Trustee and the subsequent Order of this Court filed on March 9, 2018, James R. Walsh, Esquire was appointed as the Chapter 11 Trustee in this case.

6. The Trustee has determined that it is in the best interests of the Bankruptcy Estate and the creditors to convert the case to Chapter 7 and allow a Chapter 7 trustee to complete the administration of the Bankruptcy Estate.

7. Pursuant to 11 U.S.C. § 1112,

> (b) (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of the creditors and the estate. […]
> (4) For purposes of this subsection, the term "cause" includes –
>    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; […]
>    (C) failure to maintain appropriate insurance that poses a risk of the estate or to the public; […]
>    (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any); […].

*See* 11 U.S.C. § 1112(b).

the Trustee, as a party in interest, is requesting that this case be converted to Chapter 7 to protect the interests of creditors and the Bankruptcy Estate.

8. Pursuant to 11 U.S.C. § 1112(b)(4)(A) and based on the limited information available to the Trustee, the Trustee is without knowledge as to the current states of the Debtor's properties. Although Debtor averred during a conference call on March 14, 2018 that a tenant occupied each of the properties and that the Debtor was receiving a total of $4,750.00 each month in rent payments, the Debtor and/or the purported tenants have failed to remit any funds to the Trustee despite repeated requests to do so. As a result, the Bankruptcy Estate is without funds to provide upkeep and basic maintenance to the properties to ensure that the values of the real properties do not decrease, to the detriment of the Bankruptcy Estate and creditors. Further, based on the information provided to the Trustee, at least one of the Debtor's real properties is subject to significant encumbrances which eviscerates any value to the estate. When considering the encumbrances and the possible deterioration of the real properties without funds to maintain the real properties, the Trustee fears that the real properties could have little to no equity remaining.

9. Pursuant to 11 U.S.C. § 1112(b)(4)(C), notwithstanding the Trustee's repeated requests for proof of insurance coverage on the properties, no proof of insurance has been provided to the Trustee and as such, the Trustee has not been able to verify if the properties are adequately insured. Since the estate has no funds, the Trustee is not in a position to obtain insurance coverage.

10. Pursuant to 11 U.S.C. § 1112(b)(4)(H), the Trustee has requested, both by telephone and through email, information and documents that are necessary to the success of this bankruptcy matter. Debtor has failed to remit any of the following requested information, despite these requests and multiple passed deadlines:

    a. Documentation pertaining to any insurance claims that may exist;

    b. Documentation related to appraisals, valuations, tax liens, and mortgages;

    c. Information regarding funds, if any, held by the Debtor in any accounts, including any rent payments that the Debtor has averred it is receiving;

    d. Monthly Operating Reports for the month of February 2018;

    e. Bank statements that show all income, deposits, and disbursements during the time of this case, as well as copies of all checks received and issued;

    f. Documentation to support that James R. Walsh, Chapter 11 Trustee has been listed as an additional certificate holder on all insurance policies;

    g. Documentation to support that the United States Trustee has been listed as an additional certificate holder on all insurance policies;

    h. Documentation to support that all mortgage holders have been listed as lost payees on all corresponding insurance policies;

    i. Copies of all lease agreements, including names and contact information for all tenants; and

    j. Confirmation that any tenants are current with rent payments.

11. The within case has not previously been converted to another chapter.

12. Section 1112(f) provides a further limitation on the Trustee's ability to convert to chapter 7. 11 U.S.C. § 1112(f) provides as pertinent: "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."

13. Section 109(a) provides, "[O]nly a person that resides or has a domicile, a place of business or property in the United States, or a municipality, may be a debtor under this title." *See* 11 U.S.C. §109(a).

14. The qualifications to being a debtor under chapter 7 are further limited by 11 U.S.C.

§109(b) to persons *not*

 (1) a railroad;

 (2) a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, a New Markets Venture Capital company … a small business investment company … credit union, or industrial bank or similar institution which is an insured bank …; or

 (3) (A) a foreign insurance company, engaged in such business in the United States; or

   (B) a foreign bank, savings bank, cooperative bank, savings and loan association, building and loan association, or credit union, that has a branch or agency (as defined in section 1(b) of the International Banking Act of 1978) in the United States.

15. The Trustee avers that the Debtor is a "person" as that term is defined in 11 U.S.C. § 101(41) by being a Pennsylvania business corporation.

16. Further, the Trustee avers that the Debtor qualifies as a Debtor under Chapter 7 as Section 109(b) is inapplicable.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an order converting the within case to one under Chapter 7 and further, he authorizes his undersigned counsel to file the instant pleading on his behalf.

Dated: <u>March 29, 2018</u>       Respectfully Submitted,

                SPENCE, CUSTER, SAYLOR,
                WOLFE & ROSE, LLC

           By: */s/ Kevin J. Petak*,
              James R. Walsh, Esquire
              PA ID #27901
              Kevin J. Petak, Esquire
              PA ID # 92154
              George J. Bivens, Esquire
              PA ID # 324789
              1067 Menoher Blvd.
              Johnstown, PA 15905

                                                      Tel: 814.536.0735
                                                      Fax: 814.539.1423
                                                      Email: kpetak@spencecuster.com
                                                      *Counsel for Chapter 11 Trustee*