IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>MSAMN Corp.<br>               Debtors<br><br>Citizens Bank of Pennsylvania<br>               Movant<br><br>v.<br><br>MSAMN Corp.<br>James R. Walsh, Esquire<br>               Respondent | 17-23126 CMB<br><br>Chapter 11 Proceeding<br><br>Related to Document No.<br><br>Response Deadline: 4/19/2018<br><br>Hearing Date: 5/8/2018 @ 1:30 pm |

**MOTION TO ALLOW CITIZENS BANK OF PENNSYLVANIA TO FILE A LATE PROOF OF CLAIM**

AND NOW, comes creditor, Citizens Bank of Pennsylvania (Movant) by and through its counsel, Mary F. Kennedy, and files this Motion to Allow the filing of a Proof of Claim after the bar date pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1).

1. On or about August 3, 2017 MSAMN Corp. (hereinafter "Debtor") filed a Chapter 11 Bankruptcy Petition.
2. The deadline to file Proofs of Claim was January 2, 2018.
3. Debtor is not Movant's mortgagor/borrower.
4. On November 20, 2003 Sidney M. Etkins and Susan Etkins executed a Mortgage and Note (Sidney M. Etkins only executed the Note) to Citizens Bank of Pennsylvania. The Mortgage gave the lender a security interest in the property located at 210 Burch Avenue, Mount Lebanon, PA 15228 (hereinafter "the property"). The Mortgage was recorded in the Allegheny County Department of Real Estate on December 1, 2003 in book 26602 page 137.
5. Sidney M. Etkins and Susan M. Manning deeded the property to Village Builders Inc. on February 23, 2017. The deed was recorded on March 21, 2017 in the Allegheny County Department of Real Estate in book 16733 page 316. See Exhibit "A' attached hereto and made a part hereof.

6. Village Builders Inc. deeded the property to MSAMN Corp. on July 18, 2017. The deed was recorded on July 18, 2017 in the Allegheny County Department of Real Estate in book 16871 page 334. See Exhibit "B' attached hereto and made a part hereof.

7. Debtor includes the property in Schedules A/B and D.

8. At the time the bankruptcy was filed the total claim due Citizens Bank of Pennsylvania was $203,015.82 and the arrears due was $119,291.91. A copy of Movant's proposed Proof of Claim is attached hereto and made a part hereof as Exhibit "C".

9. Due to confusion because the Debtor is not Movant's mortgagor/borrower Citizens Bank of Pennsylvania inadvertently missed the deadline to file Proofs of Claim.

10. Federal Rule of Bankruptcy Procedure 9006(b)(1) allows the Court to extend the time to file a Claim on the motion of a party where"the failure to act was the result of excusable neglect."

11. Similarly, this Court can grant equitable relief to a party that commits excusable neglect in other circumstances.

12. "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495 (1993).

13. "When deciding whether a party's neglect of a deadline was "excusable," the Pioneer Court held that the determination was "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. The Pioneer Court then listed four factors for consideration: (i) the danger of prejudice to the debtor; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith. Id. "All factors must be considered and balanced; no one factor trumps the others." Hefta v. Off'l Comm. Of Unsecured Creditors (In re American Classic Voyages Co.), 405 F.3d 127, 133 (3d Cir. 2005) citing George Harms Constr. Co., Inc. v. Chao, 371 F.3d 156, 164 (3d Cir. 2004). Konar v. New Century Trs Holdings, Inc. (In re New

Century Trs Holdings, Inc.), Nos. CHAPTER 11, 07-10416 (BLS), 10744), 12-50187 (KJC), 24), 2014 Bankr. LEXIS 2299, at *10-11 (U.S. Bankr. D. Del. May 23, 2014).

14. Debtors will not be prejudiced by allowing Movant to file the Late Proof of Claim. Movant is a secured creditor whose secured lien will pass through the bankruptcy if Movant does not to file a Proof of Claim. Prior to filing this Motion, Counsel for Movant contacted Debtor's attorney, Jeffrey T. Morris, Esquire to advise him of the Movant's intention to file this Motion. Attorney Morris advised that he had no objection to the late filed Proof of Claim.

15. There has not been a significant delay that will adversely impact this petition.

16. The reason for the delay was a confusion over the Debtor's interest in the property because Debtor is not Movant's mortgagor/borrower.

17. At all times Movant has acted in good faith. Prior to filing this Motion, Counsel for Movant contacted Debtor's attorney, Jeffrey T. Morris, Esquire to advise him of the Movant's intention to file this Motion. Attorney Morris advised that he had no objection to the late filed Proof of Claim..

18. Movant is requesting a Court Order allowing it to correct this inadvertent error.

WHEREFORE, Movant respectfully requests this Honorable Court enter an order allowing Citizens Bank of Pennsylvania to file a Proof of Claim after the bar deadline.

RESPECTFULLY SUBMITTED,

/s/ Mary F. Kennedy, Esquire
Law Office of Gregory Javardian, LLC
1310 Industrial Blvd., Ste 101
Southampton, PA 18966
215-942-9690
mary@javardianlaw.com
Attorney ID 77149

Dated: April 2, 2018